NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COMCAST CABLE COMMUNICATIONS, LLC,**
*Appellant*

**v.**

**PROMPTU SYSTEMS CORPORATION,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-1947, 2019-1948

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00340, IPR2018-00341.

---

Decided:  January 4, 2021

---

MARK ANDREW PERRY, Gibson, Dunn & Crutcher LLP, Washington, DC, for appellant.  Also represented by JESSICA A. HUDAK, Irvine, CA; JAMES L. DAY, JR., Farella Braun Martel LLP, San Francisco, CA.

JACOB ADAM SCHROEDER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Palo Alto, CA, for appellee. Also represented by JOSHUA GOLDBERG, Washington, DC.

DANIEL KAZHDAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, FRANCES LYNCH, FARHEENA YASMEEN RASHEED.

---

Before LOURIE, SCHALL, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Comcast Cable Communications, LLC, appeals two *inter partes* review final-written decisions,[1] in which the Patent Trial and Appeal Board held that Comcast failed to prove claims 1–7, 17–24, 33–35, 37, and 40–41 (the challenged claims) of U.S. Patent No. 7,260,538 would have been obvious. For the following reasons, we affirm.

## BACKGROUND

Comcast petitioned for IPR of the '538 patent, arguing the challenged claims would have been obvious in light of two primary references—U.S. Patent No. 6,513,063 (Julia) or U.S. Patent No. 7,013,283 (Murdock)—alone or in combination with U.S. Patent No. 5,774,859 (Houser). Review was instituted, and the Board issued a final-written decision in each IPR. It rejected Comcast's reading of the claimed "command function" term as unreasonably broad.[2]

---

[1]　Consistent with the parties' briefing, we do not differentiate between the two FWDs (IPR2018-00340, IPR2018-00341), and only cite the -340 decision.

[2]　Consistent with the parties' usage, we treat the "set-top-box-compatible instruction" limitation in claims 34

J.A. 53800031–33; *see, e.g.*, '538 patent at 9:35–36, 13:54–56. Because Comcast's arguments had been predicated on its rejected construction, the Board held that Comcast had failed to show the challenged claims would have been obvious over Julia alone or Murdock alone. Likewise, because the Board found no motivation to combine Houser with either primary reference, it held that Comcast's remaining grounds failed. Separately, the Board held that Comcast had failed to prove obviousness for means-plus-function claim 18 because it had not identified the structure corresponding to the recited function for one of the claim's elements. Comcast appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Comcast raises a panoply of arguments challenging the Board's final-written decisions. Primarily, it claims the Board erred by rejecting its construction of "command function" as overly broad and by finding no motivation to combine Houser with the primary references. We do not agree.

## I

"We review the Board's constructions based on intrinsic evidence de novo and its factual findings based on extrinsic evidence for substantial evidence." *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1367 (Fed. Cir. 2017). Because Comcast filed its petitions before November 13, 2018, we construe claims in the unexpired '538 patent according to their "broadest reasonable interpretation in light of the specification." 37 C.F.R. § 42.100(b) (2017).

We see no reversible error in the Board's rejection of Comcast's construction of "command function" as overly

---

and 40–41 interchangeably with the "command function" limitation in claims 1, 2, and 18.

broad. As claimed, "command" is an adjective modifying "function," limiting that noun to functions that "command." *See* Appellant Br. at 39 (arguing "command" modifies "function"). The plain language of the claim, therefore, unambiguously limits the claimed command function to functions that command an action to be taken. Yet Comcast argues that "command function" includes functions that merely cause an action. That is an unreasonably broad construction: a function may ***cause*** (*i.e.*, lead to) an action without ***commanding*** (*i.e.*, directing) it. *See* J.A. 53800031–32 ("For instance, a function may be performed upon the satisfaction of a condition, *e.g.*, when A happens, then do B. Although B is performed as a result of A occurring, A is not a command to perform B."). Nothing in the written description shows the patentee intended to deviate from the plain meaning of "command." *See, e.g.*, '538 patent at 7:10–12 ("The command functions are used ***to control*** remote control functions such as the gain control." (emphasis added)); *see also* J.A. 53800894 (Tr. of Oral Arg. before the Board) (counsel for Comcast stating that "[t]he patent uses that phrase basically to mean what you would think. It's a function that tells the set-top box what to do."). Thus, the claims' broadest reasonable interpretation cannot support functions that merely cause an action. *See Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1373 (Fed. Cir. 2014) ("[T]o deviate from the plain and ordinary meaning of a claim term . . . the patentee must, with some language, indicate a clear intent to do so in the patent."). Comcast's arguments fail to persuade us otherwise.

## II

"The Board's motivation to combine finding is reviewed for substantial evidence." *Outdry Techs. Corp. v. Geox S.p.A.*, 859 F.3d 1364, 1368 (Fed. Cir. 2017). "A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding." *Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*, 825 F.3d 1373, 1380 (Fed. Cir. 2016).

Substantial evidence supports the Board's finding that Comcast failed to show a motivation to combine Houser with Julia or Murdock. The Board found that "the record lack[ed] 'explanation as to *how* or *why* the reference would be combined to produce the claimed invention.'" J.A. 53800026 (quoting *TriVascular, Inc. v. Samuels*, 812 F.3d 1056, 1066 (Fed. Cir. 2016)). It did not supplant *KSR*'s flexible test, as Comcast argues. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007). Instead, the Board simply found that Comcast's conclusory, threadbare arguments were not enough to establish motivation to combine. *See TQ Delta, LLC v. CISCO Sys., Inc.*, 942 F.3d 1352, 1359 (Fed. Cir. 2019) ("[A] conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine."). Specifically, it found Comcast had not proven a motivation to combine because it merely (1) alleged the references came from the same field of study and address the same problem; and (2) recited boilerplate legal conclusions untethered to any claim language. We hold those findings are supported by substantial evidence.

## CONCLUSION

We have considered Comcast's remaining arguments and find them unpersuasive.[3] Because Comcast has not identified reversible error in the Board's final-written decisions, we affirm.

## AFFIRMED

---

[3] We need not reach Comcast's arguments regarding claim 18.